IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLOS TORREZ,**

    Petitioner,

vs.                                      Case No. 1:10-cv-446 JCH/DJS

**ERASMO BRAVO, Warden, and**
**GARY K. KING, Attorney General for**
**the State of New Mexico,**

    Respondents.

# MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 5], filed May 11, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends Petitioner's "Pro Se Motion for Withdrawal and/or Voluntary Dismissal Without Prejudice of 28 U.S.C. Section 2254" [Doc. 18], filed November 22, 2010, be **GRANTED.**

**I.**    **BACKGROUND**

Petitioner filed this habeas action on May 7, 2010.  [Doc. 1.]  The Petition alleges he was convicted in Bernalillo County in July 2005 of numerous crimes including kidnapping, armed robbery, aggravated battery, bribery of a witness, and tampering with evidence.  [Id.]  He was sentenced to 30 years' imprisonment.   His petition raises seven grounds for habeas relief:  (1)

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

violation of the Sixth Amendment right to a speedy trial; (2) ineffective assistance of counsel at trial; (3) and (4) alleged erroneous denials of motions to suppress; (5) insufficient evidence; (6) denial of the right to defend himself; and (7) ineffective assistance of counsel on appeal. [Doc. 1.]

Pursuant to an order of this Court, Respondents answered the petition on July 16, 2010. [Doc. 14.] Petitioner now moves for voluntary dismissal without prejudice.

## II.   DISCUSSION

Because Respondents have answered the petition, the action may be dismissed at the Petitioner's "request only by court order, on terms the court considers proper." Fed.R.Civ.P. 41(a)(2). "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1276 (10th Cir. 1981)). Respondents have not responded to the motion and the Court therefore assumes that the requested dismissal is unopposed.

Nevertheless, because Petitioner is *pro se*, and because his reasons for requesting dismissal are not entirely clear and appear to be founded in part on a misapprehension of the record, the Court advised him that a consequence of dismissal without prejudice may be that his claims will be time-barred if he attempts to assert them in a future federal habeas proceeding. [Doc. 19.] The Court also afforded Petitioner an opportunity to withdraw his motion to dismiss, and put him on notice that if he did not withdraw the motion within fourteen days of December 29, 2010, the undersigned would recommend it be granted. [Id.]  As of January 18, 2011, Petitioner had not withdrawn the motion.

## III.   CONCLUSIONS and RECOMMENDATION

The Court concludes that Petitioner's "Pro Se Motion for Withdrawal and/or Voluntary Dismissal Without Prejudice of 28 U.S.C. Section 2254" [Doc. 18] is unopposed and that Petitioner

has not withdrawn the motion despite having been advised of the potential consequences of voluntary dismissal. The Court accordingly recommends that the motion be **GRANTED.**

_____
**DON J. SVET**
**United States Magistrate Judge**